UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Nos. 3:07-MJ-1075 |
| v. ) | 3:07-CR-98 |
| ) | (Phillips/Shirley) |
| ) | |
| ERNEST DEREK REAGAN, ) | |
| ) | |
| Defendant ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 24, 2007, for a motion hearing on defendant's Motion to Dismiss for Violation of 18 U.S.C. § 3161 [Doc. 13], filed in the case of United States v. Ernest Derek Reagan, 3:07-MJ-1075, and an arraignment on a recently issued indictment in the case of United States v. Ernest Derek Reagan, 3:07-CR-98. Brownlow Marsh was present on behalf of the government. Douglas Trant was present on behalf the defendant, who was also present.

   I.   **Relevant Facts**

On July 10, 2007, the government filed a criminal complaint against defendant in case number 3:07-MJ-1075, charging him with possession with intent to distribute of a mixture and substance containing a detectable amount of cocaine base and cocaine hydrochloride, and possession of a firearm in furtherance of a drug trafficking crime, all in violation of 18 U.S.C. § 841(a)(1), (b)(1)(A),(C), and 924(c). [Doc. 1.] On July 11, 2007, defendant was arrested. That same day,

defendant came before the undersigned for an initial appearance on the criminal complaint. [Doc. 2.] At that hearing, the government made an oral motion for the defendant to be detained pending trial and the defendant requested a preliminary hearing and detention hearing. [Id.] The Court scheduled a preliminary hearing and detention hearing for July 16, 2007. [Id.]

On July 16, 2007, the Court held a preliminary hearing and found that probable cause existed to believe that a crime had been committed and that it was defendant who had committed that crime. [Doc. 7.] The detention hearing was continued to July 23, 2007. [Id.] On July 23, 2007, the Court held a detention hearing and found that defendant should be detained pending trial. [Doc. 10.] On August 14, 2007, defendant filed the instant motion to dismiss, contending that the government had violated the Speedy Trial Act by failing to indict defendant within thirty (30) days of being arrested. [Doc. 13.] That same day, the government filed a four count indictment in case number 3:07-CR-98, with count one charging defendant with possession with intent to distribute of a mixture and substance containing a detectable amount of cocaine base; count two charging defendant with possession with intent to distribute of a mixture and substance containing a detectable amount of cocaine hydrochloride; count three charging defendant with being a previously convicted felon in possession of a firearm; and count four charging defendant with possession of a firearm in furtherance of a drug trafficking crime. [Doc. 21.]

The Court heard oral argument on the motion to dismiss on August 15, 2007. Because of the novel nature of the issues raised by the motion, the Court requested additional briefing [Doc. 18], which the parties provided [Docs. 19, 20], and reconvened on August 24, 2007. At that hearing, the Court made oral findings and indicated that, given the potentially dispositive

2

nature of defendant's motion,[1] a written Report and Recommendation was to follow.

## II. Speedy Trial Violation

The Speedy Trial Act provides, in pertinent part, that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). In this case, defendant was indicted thirty-four (34) days after the date on which defendant was arrested. Thus, there appears to be a prima facie case of non-compliance with the Speedy Trial Act's thirty day requirement. However, in calculating the thirty (30) day period, certain periods of time are considered excludable and do not count toward the thirty (30) day limitation. This includes the day any proceeding involving the defendant was held. 18 U.S.C. § 3161(h)(1). Therefore, the Court finds that July 11, 2007, the day of defendant's initial appearance, July 16, 2007, the day of defendant's preliminary hearing, and July 23, 2007, the day of defendant's detention hearing, were all excludable time. United States v. Salgado, 250 F.3d 438, 454 n. 2 (6th Cir. 2001) (citations omitted) (day of initial appearance and day of detention hearing excludable); United States v. Wright, 990 F.2d 147, 148-49 (4th Cir. 1993) (time for preliminary hearing excludable); United States v. Nabors, 901 F.2d 1351, 1355 (6th Cir. 1990) (dates of initial appearance, detention hearing, and preliminary hearing all excluded per 18 U.S.C. § 3161(h)(1)).

After excluding those days, the Court is still faced with a period of thirty-one (31) days between defendant's arrest and the issuance of the indictment. If there are no other periods of properly excludable time between the arrest and the indictment, then the government has violated

---

[1] "[A] judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion . . . to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A).

3

the Speedy Trial Act and the complaint must be dismissed, but if there are any other periods of excludable time, then the indictment was timely.

As might be expected, defendant contends that there are no other periods of excludable time <u>between</u> the July 11, 2007, arrest and the August 14, 2007, indictment. Specifically, defendant contends that the period between the July 11, 2007, initial appearance, the July 16, 2007, preliminary hearing, and the July 23, 2007, detention hearing is not excludable. Defendant contends that the Court effectively granted a "continuance" (as that term is used in the Speedy Trial Act) of the detention hearing and was thus required to make ends of justice findings under 18 U.S.C. § 3161(h)(8)(A) in order for the time to be excludable. The government, not surprisingly, opposes defendant's motion, arguing that the time <u>between</u> the initial appearance and the detention hearing (eleven days) is excludable, thus the indictment was timely.

The Bail Reform Act requires that a detention hearing "shall be held immediately upon the [defendant's] first appearance . . . unless the [defendant], or the attorney for the Government, seeks a continuance." 18 U.S.C. § 3142(f). In addition, the Speedy Trial Act mandates that:

> no . . . period of delay resulting from a continuance . . . shall be excludable . . . unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A). However, as previously noted, the Speedy Trial Act also provides that certain "periods of delay shall be excluded in computing the time within which an information or an indictment must be filed." One of those periods of delay is any period of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other

4

prompt disposition of such motion." 18 U.S.C. § 3161(h)(1)(F).

In considering exclusions under § 3161(h)(1), the Sixth Circuit has held that such exclusions are "automatic." Greenup v. United States, 401 F.3d 758, 766 (6th Cir. 2005). Additionally, while the Sixth Circuit has not directly addressed the question of whether a court must comply with § 3161(h)(8)(A) in order for a period of delay caused by the continuance of a hearing on a detention motion to be excludable, it has held that the period between a defendant's initial appearance and detention hearing is excludable under the Speedy Trial Act. United States v. Robinson, No. 95-6225, 1996 U.S. App. LEXIS 33594, at *2, 9-10 (6th Cir. Dec. 19, 1996) (holding that the time between the February 10, 1995, initial appearance of a defendant and the February 13, 1995, detention hearing was excludable).

Additionally, other Circuits have directly addressed the issue before the Court. In United States v. Willis, No. 92-5545, 1993 U.S. App. LEXIS 16031 (4th Cir. June 30, 1993), the Fourth Circuit addressed the question of whether the period of time between a defendant's initial appearance and detention hearing was excludable. Id. In that case, the defendant argued that the time could not be excluded under § 3161(h)(8)(A), because the order of the magistrate judge continuing the detention hearing did not make the necessary ends of justice findings. Id. at *1-6.

The Fourth Circuit held that while the magistrate judge did not make the necessary findings under § 3161(h)(8)(A), that the period of time between the initial appearance and detention hearing was still excludable under § 3161(h)(1)(F). Id. at *4. The Willis court further held that "[t]he fact that the hearing on detention was continued did not by itself take the delay out of the exclusion period allowed by subsection (h)(1)(F) and defeat exclusion via the strictures of subsection (h)(8)(A). The latter subsection does not trump the former. It is the pendency of the

5

motion to detain which stopped the speedy trial clock." *Id*. at *6 (citations omitted).

Similarly, the Tenth Circuit has held that a period of delay caused by the continuance of a motion hearing was excludable, because "the twenty-one day continuance of the hearing . . . [was] effectively encompassed within § 3161(h)(1)(F), and does not have to be independently justified under § 3161(h)(8)(A)." United States v. Apperson, 441 F.3d 1162, 1179 (10th Cir. 2006), cert. denied, 127 S. Ct. 1024 (2007). The Ninth Circuit has also held that delay caused by the continuance of a detention hearing is excludable under § 3161(h)(1)(F). United States v. Vo, 413 F. 3d 1010, 1016 (9th Cir. 2005).

Defendant relies on the case of United States v. Saltzman, 984 F.2d 1087 (10th Cir. 1993), to support his argument that ends of justice findings are required in order for the period of delay caused by the continuance of the detention hearing in this case to be excludable. The Court agrees that Saltzman does hold that a defendant can not waive his Speedy Trial rights and that ends of justice findings are required under § 3161(h)(8)(A) for a period of delay caused by a continuance to be excludable. However, Saltzman is distinguishable from the instant case. In Saltzman, there were no pending motions, thus the only possible statutory basis for the exclusion of time was § 3161(h)(8)(A). Had there been some other legitimate cause of delay, such as the pendency of a pretrial motion, the Tenth Circuit's holding would have differed, as seen in Apperson.

Accordingly, the Court finds that the period of delay between the July 11, 2007, initial appearance and the July 23, 2007, detention hearing is excludable under 18 U.S.C. § 3161(h)(1)(F) as a period of delay resulting from the government's oral pretrial motion to detain. Given that this period of time was excludable, the Court finds that the indictment filed in this case was timely, thus the defendant's motion to dismiss [Doc. 13] should be denied.

### III. Type of Dismissal

While the Court recommends that defendant's motion be denied, for the sake of completeness the Court will address the issue of, if the criminal complaint were to be dismissed in this case, whether it should be with or without prejudice. The Speedy Trial Act requires that if a timely indictment is not filed, the criminal complaint against a defendant should be dismissed. 18 U.S.C. § 3162(a)(1). The Speedy Trial Act provides that "[i]n determining whether to dismiss the case with or without prejudice, the court should consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter an on the administration of justice. Id.

With regard to the first factor, the seriousness of the offense, the Court finds that the offenses charged in the complaint, possession with intent to distribute of cocaine and crack cocaine, as well as possession of a firearm in furtherance of a drug trafficking crime, are very serious offenses, which weighs in favor of dismissing the case without prejudice. With regard to the second factor, the facts and circumstances leading to the dismissal, the Court finds that, if the government had violated the Speedy Trial Act, even under defendant's own calculations, it did so by only one day. The Court also finds that there is no evidence that this period of delay resulted from bad faith on the part of the government, as the government believed that the period of delay was excludable because of the pendency of the detention motion. The Court finds that a period of delay of only twenty-four hours, in the absence of bad faith, coupled with the novel nature of the legal issues raised by defendant, all cause the second factor to weigh in favor of dismissal without prejudice.

With respect to the third factor, the impact of a reprosecution on the administration

of this chapter an on the administration of justice, the Court finds that the one day period of delay did not unduly prejudice defendant and is not representative of a case where justice delayed resulted in justice denied. Thus, the Court finds that the third factor also weighs in favor of a dismissal without prejudice.

Accordingly, should the District Court find that there was a Speedy Trial Act violation in this case and that the complaint should be dismissed, the Court recommends that the dismissal should be without prejudice.

**IV. Summary**

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendant Ernest D. Reagan's Motion to Dismiss for Violation of 18 U.S.C. § 3161 [Doc. 13] should be **DENIED**. Alternatively, should the District Court determine that there was a Speedy Trial violation and that the criminal complaint should be dismiss, the Court respectfully **RECOMMENDS** that the dismissal be without prejudice.[2]

Respectfully submitted,

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed with the clerk of the court within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Fed. R. Civ. P. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).