# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-cr-98 |
| | ) | (Phillips/Shirley) |
| ERNEST REAGAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On November 14, 2007, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed a twenty-six page report and recommendation ("R&R") [Doc. 42] in which he recommended that defendant Ernest Reagan's motion to suppress [Doc. 28] be denied.

This matter is presently before the court on defendant's timely objections to the R&R [Doc. 43]. As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b)(3), the court has undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in complete agreement with Magistrate Judge Shirley's thorough analysis of the legal issues regarding the search and seizure of evidence from defendant's vehicle. Accordingly, defendant's objections will be overruled, the R&R will be accepted in whole, and defendant's motion to suppress will be denied.

I.

Defendant first objects to Magistrate Judge Shirley's findings of fact that Officer Faulkner

-1-

noticed a gun after he approached the vehicle and that the approach was a consensual encounter. Specifically, defendant contends that Officer Faulkner's assertion, under oath, that he saw defendant take out a gun as he walked to the vehicle is "physically impossible" due to the reflection of lights off the windows and windshield of defendant's vehicle, and that the initial approach of Officer Faulkner to the vehicle was not a consensual encounter as Officer Faulkner was "coercive."

This court, however, "may not disturb the magistrate's factual findings if they are supported by substantial evidence." *United States v. Crabtree*, Nos. 87-5747, 87-5748, 1988 U.S. App. LEXIS 2464, at *9 (6th Cir. Feb. 29, 1988). In other words, the court will uphold the magistrate judge's findings of fact unless they are "clearly erroneous." *See United States v. Black*, No. 06-6007, 2007 U.S. App. LEXIS 21042, at *14, *20 (6th Cir. Aug. 28, 2007) (upholding magistrate's findings of fact where not "clearly erroneous"). As Magistrate Judge Shirley's findings of fact were supported by Officer Faulkner's unimpeached testimony, which Magistrate Judge Shirley found to be credible, this court will not disturb his findings of fact. Moreover, Magistrate Judge Shirley found that defendant's window was rolled down as Officer Faulkner approached, thereby negating defendant's argument that the reflection would render it "physically impossible" to see a gun. Defendant's objections to the findings of fact that Officer Faulkner viewed a gun upon his approach and that the initial approach was not consensual are therefore overruled.

II.

Defendant also argues that the placement of defendant in handcuffs and the reading of his *Miranda* warnings indicate that defendant was placed under arrest, before Officer Faulkner had the requisite probable cause to do so. However, as Magistrate Judge Shirley noted, in the Sixth Circuit,

"during a *Terry* stop, officers may draw their weapons or use handcuffs so long as circumstances warrant that precaution." *Campbell v. Stamper*, No. 06-6198, 2007 U.S. App. LEXIS 16516, at *11 (6th Cir. July 2, 2007) (quotations omitted). Such circumstances include "if [the officers] reasonably believe that a suspect is armed and might pose a danger to them as they conduct their investigation." *Id.* In the instant case, therefore, Officer Faulkner was entitled to handcuff the defendant while conducting the *Terry* stop once he viewed the defendant pull the handgun from his pocket.

Moreover, as Judge Shirley noted, in the Sixth Circuit the reading of *Miranda* warnings does not convert a non-custodial interview into a custodial interrogation. *United States v. Lewis,* 556 F.2d 446, 449 (6th Cir. 1977) (per curiam); *accord United States v. Wolfe*, 166 F. App'x 228, 233-34 (6th Cir. 2007).

In any event, Officer Faulkner may have had probable cause at the point in contention to arrest the defendant, even though the government contends the arrest occurred at a later point. In the recent case of *United States v. Black*, the Sixth Circuit found that two police officers had probable cause to arrest a defendant because they 1) smelled a strong odor of alcohol coming from the vehicle, 2) had discovered an unsealed, partially empty bottle of alcohol in the car, and 3) learned that the defendant's license was suspended. *United States v. Black*, No. 06-6007, 2007 U.S. App. LEXIS 21042, at *16-17 (6th Cir. Aug. 28, 2007) (finding the search of defendant's vehicle did not violate the Fourth Amendment as incident to a lawful arrest and as falling within the "automobile exception"). In *Black*, the fact that the officer "did not observe any telltale signs of inebriation" did not "alter the fact that [his] suspicion was reasonable." *Id.* at *14 (discussing the initial seizure, upon reasonable suspicion, of the defendant). Rather, the presence of an open container of alcohol in a vehicle, coupled with the strong odor of alcohol, gave the officers probable

cause to arrest the defendant.

Here, there was even more evidence than in *Black* that gave rise to probable cause. First, just as in *Black*, Officer Faulkner detected the strong odor of alcohol as he approached the vehicle. Second, whereas in *Black*, there was merely a partially used, unsealed bottle of alcohol, here there were two glasses containing what Officer Faulkner believed to be alcoholic beverages next to the defendant. Finally, Judge Shirley found that Officer Faulkner observed the defendant remove a semi-automatic pistol from his pants before exiting the vehicle. All of these circumstances at a bare minimum gave rise to a reasonable suspicion of criminal activity such that Officer Faulkner could conduct an investigatory stop. *See Black*, 2007 U.S. App. LEXIS 21042, at *9-16 (seizure of defendant's license was a valid seizure of defendant's person because the smell of alcohol and presence of open container, "at the very least," gave rise to reasonable suspicion of criminal activity). As discussed above, during a valid *Terry* stop, police officers may use handcuffs and draw their weapons if, whereas here, there is reason to believe that the suspect is armed. *Black*, moreover, suggests that these circumstances surpassed reasonable suspicion and gave rise to probable cause. As Magistrate Judge Shirley stated, "There is no bright line standard for determining when an investigative detention becomes an arrest," but in any event, Officer Faulkner validly conducted an investigatory stop and likely had probable cause to arrest the defendant. Defendant's objections to the contrary, therefore, are overruled.

III.

Defendant also argues that Officer Faulkner should have checked to see whether defendant had a handgun carrying permit because such a check is "no more difficult to check than a criminal

record." Defendant seems to argue that Officer Faulkner had no right to run a criminal record check but should have first investigated whether defendant had a valid carrying permit. Defendant also argues that carrying a weapon with the intent to go armed is a misdemeanor; therefore Officer Faulkner could only have issued a citation, rather than a warrant.

Defendant's arguments are wholly misplaced for several reasons. First, when an officer views a handgun in a potentially criminal setting, it is that officer's duty to exercise due diligence to determine whether the handgun is lawfully possessed. *See, e.g.*, *United States v. Gooch*, 499 F.3d 596, 600 (6th Cir. 2007) ("[A]fter seeing the gun, the police appropriately did their 'due diligence' ... so as to determine whether the firearm was lawfully possessed."). Logically this due diligence would begin with a criminal record check to determine whether the suspect was a felon in possession of a weapon; if no such felony history existed, the officer would then investigate whether the suspect had a valid carrying permit. Defendant's argument that Officer Faulkner should have checked whether defendant had a carrying permit is thus without merit, as the check of defendant's criminal record revealed that he was a convicted felon whose privilege to carrying a handgun had been removed.

Furthermore, were the law as defendant would have it, no person could ever be convicted of being a felon in possession of a weapon: under defendant's proposed rule, every time a weapon were viewed, an officer could only issue a citation for the misdemeanor of carrying a weapon with the intent to go armed, rather than a warrant, because they would be precluded from checking the suspect's criminal records. Such a result clearly cannot follow, thus, officers are entitled and bound to exercise due diligence to determine if a would-be defendant is a felon in possession of a weapon.

IV.

Finally, defendant argues that because Magistrate Judge Shirley found that various other probable cause assertions by the government were inapplicable, the entire arrest is without probable cause. As articulated in the R&R, however, the government did have probable cause to arrest the defendant. The fact that various other grounds were found inapplicable does not serve to negate the probable cause grounds that gave rise to the defendant's lawful arrest. Defendant's objections to that end are therefore overruled.

V.

For the foregoing reasons, as well as the reasons articulated by Judge Shirley in the R&R, defendant's objections to the R&R [Doc. 43] are hereby **OVERRULED** in their entirety. The R&R is **ACCEPTED IN WHOLE**. Accordingly, defendant's motion to suppress [Doc. 28] is **DENIED.**

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge