# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:07-cr-98 (Phillips) |
| ERNEST REAGAN, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On November 14, 2007, the Honorable C. Clifford Shirley, United States Magistrate Judge, entered a Report and Recommendations ("R&R) [Doc. 42], recommending that this court deny defendant's motion to suppress [Doc. 28]. Defendant timely objected on multiple grounds [Doc. 43], and the government responded [Doc. 44], stating that it agreed with the findings and reasoning of the R&R. The matter being ripe for this court's consideration, on November 26, 2007, this court entered a Memorandum and Order [Doc. 45] overruling defendant's objections, accepting the R&R in whole, and denying defendant's motion to suppress. On that same date, defendant entered an addendum to his objections [Doc. 46], bringing to the court's attention specific lines of testimony by Officer Chad Faulkner and stating that he had ordered a copy of the transcript for the court's review.

On January 7, 2008, the government filed a motion to reconsider [Doc. 50], requesting that the court clarify its findings in Part I of its Memorandum and Order. The government's motion to reconsider is **GRANTED**. In response thereto and in light of defendant's addendum, the court has

-1-

undertaken further *de novo* review of those factual findings in the R&R to which defendant objected. Further review, however, as will be discussed below, confirms the court's denial of defendant's objections to factual findings. Accordingly, the court affirms its previous analysis of the remaining legal issues and its ruling that defendant's objections [Doc. 43] are **OVERRULED** and the motion to suppress [Doc. 28] is **DENIED.**

I.

The government asks the court to revisit only one area of its analysis, namely defendant's objections to the factual findings made by Judge Shirley. *See* Mem. and Order, Nov. 26, 2007, at Part I [Doc. 45]. In his objections to the R&R, defendant objected to the finding by Judge Shirley "that Officer Faulkner noticed a gun after he approached the vehicle" and that the initial encounter was consensual (the basis for this objection being that Officer Faulkner's behavior was coercive). Objections to Report and Recommendation, at 1-2 [Doc. 43]. The government's motion to reconsider asserts that this court applied the incorrect standard of review in accepting these factual findings. In response to the government's motion, this court has undertaken a *de novo* review and confirms its findings for the reasons that follow.

Defendant first objected that the factual finding "that Officer Faulkner noticed a gun after he approached the vehicle" was erroneous as "physically impossible" because video showed the lights of the parking lot reflecting off of the windows and windshield of the defendant's vehicle. Judge Shirley found, however, that the driver's side window was down. Report and Recommendation, at 9 [Doc. 42]. Judge Shirley further found that after approaching the vehicle, Officer Faulkner asked defendant to exit the vehicle. *Id.* Before exiting the vehicle, the defendant rolled to his right side, removed a semi-automatic pistol, and then placed the pistol in the driver's

side-door pocket. *Id.* Judge Shirley found that Officer Faulkner observed the defendant place the weapon on the floor of the vehicle before exiting the vehicle. *Id.* In its Memorandum and Order dated November 26, 2007, this court agreed with Judge Shirley's factual finding and overruled defendant's objection. Contrary to defendant's objection, the record supports this finding for the reasons that follow.

First, the court finds that Officer Faulkner noticed the weapon *after* he had reached the vehicle and interacted with the defendant, and therefore the video demonstrating a reflection does not serve to negate this finding. Officer Faulkner testified that he approached the vehicle. Tr. of Proceedings: Suppression Hr'g, at 7. Once at the vehicle, he observed two empty glasses and detected the odor of alcohol. *Id.* at 7-8. He then asked the defendant to exit the vehicle, at which time the defendant rolled to his right side and removed a semi-automatic pistol. *Id.* at 9. It was at this point that Officer Faulkner noticed the weapon, not upon his approach. On cross-examination counsel for defendant attempted to impeach Officer Faulkner's testimony that he first noticed the weapon during this initial contact, not as he approached the vehicle. *Id.* at 21. After reviewing the weight of the testimony, however, it appears to the court that Officer Faulkner was a credible witness, and the court accepts as true his testimony that he noticed the gun during the initial contact with the defendant, not as he approached.

Second, Officer Faulkner testified that the driver-side window of the vehicle was down when he made his approach. *Id.* at 18. It is this testimony that counsel for defendant attempted to impeach by introducing the video demonstrating the windows up, with the light reflecting off of them. *See id.* at 18, 36, 39-40 (cross-examining Officer Faulkner regarding whether the driver's window was down, whether the windows were "fogged up," and whether the passenger window was down). Yet

the video was taken after an additional officer arrived on the scene, and thus does serve as conclusive proof whether the window was open or closed when Officer Faulkner first asked the defendant to exit the vehicle. Weighing the testimony and the cross-examination of the witness, the court finds that this evidence does not refute Officer Faulkner's testimony that the driver-side window was down.

In the same vein, the court notes that Officer Faulkner testified that once he reached the vehicle, and before he noticed the weapon, he detected the strong odor of alcohol coming from the vehicle. *Id.* at 7, 9, 10. Defendant did not attempt to impeach defendant on this specific issue; rather, defendant asked defendant whether he had given a different version of events to the FBI Officer, *id.* at 17, 21, and whether the windows were open or closed, *id.* at 18, 36, 39-40. Yet the fact that Officer Faulkner spoke to the defendant and detected the odor of alcohol is circumstantial evidence that either the window or the door was open, allowing Officer Faulkner to observe the weapon. More so, defendant did not attempt to impeach Officer Faulkner's testimony that he detected the odor of alcohol.

Accordingly, after reviewing *de novo* the finding by Judge Shirley that Officer Faulkner noticed the weapon after he reached the vehicle, detected the odor of alcohol, and asked the defendant to exit the vehicle, this court is in complete agreement, and reaffirms its findings to the same and its overruling of defendant's objections thereto.

Secondly, defendant objected to Judge Shirley's legal finding that the encounter was consensual, on the factual basis that Officer Faulkner's "coercive behavior after he approached the vehicle certainly takes this encounter out of the consensual category." Objection to Report and Recommendation, at 1-2. The record does not, however, support this objection. First, the initial

approach was brief: Officer Faulkner approached the vehicle and asked the defendant, "What's the disturbance?" Tr. of Proceedings: Suppression Hr'g, at 7. Defendant responded, "Oh, there's no disturbance." *Id.* It was at this point that Officer Faulkner noticed the empty glasses and detected the odor of alcohol, *id.* at 7-8, and asked the defendant to exit the vehicle, *id.* at 9. Once Officer Faulkner noticed the empty glasses and detected the odor of alcohol, however, this moved the interaction into the realm of an investigative detention. As this court discussed in its previous Memorandum and Order, Officer Faulkner was within the constitutional confines of such an investigation and indeed may even have had probable cause to arrest the defendant at this point. Mem. and Order, Nov. 26, 2007, at 2-4 [Doc. 45].

Counsel for defendant apparently attempted to impeach this testimony by noting that the arrest warrant said that Officer Faulkner "ordered the Defendant out of the vehicle" and placed him into custody. Tr. of Proceedings: Suppression Hr'g, at 23. The issues of law regarding these actions, however, were already reviewed *de novo* in the Memorandum and Order, Mem. and Order, Nov. 26, 2007, at 2-4 [Doc. 45], and Officer Faulkner's subjective use of the word "ordered" does not serve to refute the objective factual finding that during the initial encounter, Officer Faulkner was not coercive. To the contrary, he asked the defendant a general question ("What's the disturbance?") of the sort permitted in a consensual encounter, and the defendant voluntarily answered. His observations once at the vehicle led him to request the defendant to exit the vehicle, but as discussed above, these interactions were subsequent to the consensual encounter.

In sum, the court finds that the initial interaction between Officer Faulkner and defendant was consensual, based on its factual finding that Officer Faulkner merely asked defendant a routine, general question. Accordingly, the court affirms its previous finding that defendant's objection on

that basis is overruled.

II.

Additionally, in his addendum to his objections, defendant argues that Officer Faulkner "admitted he had arrested the defendant and that he wanted to go further in his investigation." The legal issue of arrest and the basis therefor, however, was fully addressed by this court in the Memorandum and Order dated November 26, 2007, and these additional objections are therefore **DENIED** as **MOOT**.

III.

The government's motion to reconsider [Doc. 50] being **GRANTED**, this court revisited its analysis of the factual issues as discussed above. Having confirmed upon further *de novo* review the factual findings made by this court that Officer Faulkner observed the defendant remove a semi-automatic pistol from his pocket after he approached the vehicle and that the encounter was consensual, the court's analysis of the remaining issues of law to which defendant objected necessarily follow, and the remaining portions of the Memorandum and Order (Parts II-V) stand. Accordingly, the court reiterates its ruling in the Memorandum and Order of November 26, 2007 that defendant's objections to the R&R [Doc. 43] are **OVERRULED** and the motion to suppress [Doc. 28] is **DENIED**.

   **IT IS SO ORDERED**.

           **ENTER:**

            s/ Thomas W. Phillips
            United States District Judge