UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-98 |
| | ) | (PHILLIPS/SHIRLEY) |
| ERNEST DEREK REAGAN, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

All pretrial motions in this case have been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on May 16, 2008, for arraignment on the First Superseding Indictment [Doc. 66]. Assistant United States Attorney David P. Lewen was present on behalf of the government. Ernest Reagan was present with his counsel, Douglas A. Trant.

Attorney Trant stated that a brief continuance of the trial date will be necessary in view of the added charge in count five of the First Superseding Indictment. Mr. Reagan confirmed that he is in agreement with his counsel's request for a trial continuance and stated that he understands he will remain in jail pending the new trial date. The United States agreed that a reasonable trial continuance is appropriate in light of the new indictment.

The Court finds the motion to continue the trial date, currently scheduled for June 23, 2008, to be well-taken. The Court observes that there has been the addition of a significant substantive

charged in the new indictment, and the Court finds that the ends of justice served by granting the continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court observes that the defendant's attorney will need a reasonable time to review any new legal and factual issues that may be presented by the additional count, to raise appropriate pretrial motions that may be identified and to prepare for trial. See 18 U.S.C. § 3161(h)(8)(B)(iv). The Court finds that this could not take place before the June 23, 2008, trial date despite counsel's exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Moreover, requiring the defendant to go to trial as originally scheduled despite his attorney's lack of time to prepare a response to the new charge would likely result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(I).

Thus, Attorney Trant's oral motion for continuance was granted. The Court also finds and the defendant agreed that all of the time between the May 16, 2008, hearing and the new trial date is fully excludable time under the Speedy Trial Act for the reasons discussed above. See 18 U.S.C. § 3161(h)(8)(A)-(B).

Accordingly, it is **ORDERED**:

>(1) The oral motion for continuance is **GRANTED**.
>
>(2) The Court grants leave to file pretrial motions arising out of the new count 5 on or before **May 30, 2008.** Responses to such motions will be due **June 13, 2008.**
>
>(3) This Court will conduct a status conference on **June 2, 2008, at 2:00 p.m.** for the purpose of scheduling a new trial date. All the time between the **May 16, 2008**, hearing and the new trial date, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.

(4) The Court will conduct a hearing on the merits of any pending pretrial motions on **June 18, 2008, at 2:00 p.m.**

**IT IS SO ORDERED.**

                      ENTER:

                          s/ C. Clifford Shirley, Jr.
                      United States Magistrate Judge