IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:07-CR-98 |
| ) | (PHILLIPS/SHIRLEY) |
| v. ) | |
| ) | |
| ERNEST REAGAN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This cause came before the undersigned on June 18, 2008, for a hearing on the pending motions in limine [Docs. 60, 61, 65] and for consideration of the parties' joint motion for a continuance.[1] Assistant United States Attorney David Lewen was present representing the government. Attorney Douglas Trant was present representing Defendant Reagan, who was also present.

**I.    Oral Motion to Continue**

During the hearing, the parties advised the Court that they had agreed to continue the trial in this matter to December 2, 2008. Accordingly, the Court finds that a continuance of the trial date is necessary in order to allow this Court time to rule on the defendant's pending motion to sever, to

---

[1] The Court notes that it also heard argument on the defendant's motion for severance [Doc. 68] on June 18, 2008. The Court has taken that motion under advisement and will issue a ruling in due course.

1

allow time for the parties to appeal any ruling made by this Court, to allow the District Court time to rule on any such appeal, and to allow the parties time to prepare for trial in light of this Court's ruling on the motion, or the District Court's ruling on appeal. 18 U.S.C. 3161(h)(1)(J), (h)(8)(B)(iv). The Court further finds that the ends of justice served by continuing this matter outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that if this matter were not continued, a miscarriage of justice would occur. 18 U.S.C. § 3161(h)(8)(B)(I). Therefore, the Court finds the parties' joint oral motion to continue to be well-taken and the same is hereby **GRANTED**. Furthermore, the Court **ORDERS** that this matter be continued.

In light of these findings and its continuance of this matter, the Court set a new trial date of **December 2, 2008 at 9:00 a.m.** The Court also finds, and the parties agreed, that all the time between the previously scheduled November 4, 2008, trial date and the new trial date of December 2, 2008, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(J), (h)(8)(A)-(B). No further pretrial conference will be scheduled at this time.

**II.    Government's Motions in Limine [Docs. 60, 61]**

The Government has filed two motions in limine relating to the scope of the defendant's cross-examination of Officer Chad Faulkner and other witnesses. The government seeks to preclude the defendant from re-opening any legal issues related to Officer Faulkner's stop and subsequent search of the defendant, and from asking any questions relating to Officer Faulkner's past dismissal from the Corrections Officers Academy. The government contends that these issues are irrelevant, and thus should be excluded.

During the hearing, defense counsel agreed that, as of now, those issues were irrelevant and

stated that, unless the issues become relevant at trial, he will not inquire into those areas at trial. Counsel further stated that, should the issues become relevant at trial, he will advise opposing counsel, and will seek a ruling from the District Court out of the presence of the jury before delving into those areas. In light of the agreement of the parties, the Court finds the government's motions [Docs. 60, 61] to be well-taken and the same are hereby **GRANTED**. The defendant shall be precluded from cross-examining any witnesses at trial as to any legal issues already decided by the Court relating to the stop and search of the defendant. The defendant is further precluded from inquiring into Officer Faulkner's dismissal from the Corrections Officers Academy. Should the defendant believe that the door has been opened to such inquiries at trial, the defendant shall advise opposing counsel and shall seek a ruling from the District Court out of the presence of the jury before making such inquiry.

### III.    Defendant's Motion in Limine [Doc. 65]

During the hearing, the defendant indicated that his motion in limine has been rendered moot by the Superseding Indictment filed in this matter. [Doc. 66] Accordingly, the defendant's motion [Doc. 65] is hereby **DENIED as moot**.

### IV.    Summary

For the reasons set forth more fully above, it is hereby **ORDERED** that:

> 1. The parties' joint oral motion to continue is hereby **GRANTED**;
>
> 2. The trial in this matter is **CONTINUED** until **December 2, 2008 at 9:00 a.m.**;
>
> 3. All the time between the previously scheduled November 4, 2008, trial date and the new trial date of December 2, 2008, is fully excludable time under the Speedy Trial Act for the reasons set forth above;

4. The government's motions in limine [Docs. 60, 61] are hereby **GRANTED** to the extent set forth above;

5. The defendant's motion in limine [Doc. 65] is hereby **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:

　　　s/ C. Clifford Shirley, Jr.　　
United States Magistrate Judge