IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:07-CR-98 |
| | ) | (PHILLIPS/SHIRLEY) |
| v. | ) | |
| | ) | |
| ERNEST REAGAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This cause came before the undersigned on June 18, 2008, for a hearing on the defendant's Motion for Severance. [Doc. 68] Assistant United States Attorney David P. Lewen appeared on behalf of the government, and attorney Douglas A. Trant appeared on behalf of the defendant, who was also present. After the hearing, the Court took the motion under advisement, and the matter is now ripe for adjudication.

The defendant moves the Court to sever Count 5 from the remaining four counts of the five count Superseding Indictment. [Doc. 66] The defendant contends that Count Five is "wholly unrelated" to the remaining four counts in the Superseding Indictment, citing United States v. Bibby, 752 F.2d 1116 (6th Cir. 1985). The defendant further argues that joinder of Count Five with the other firearms charges is extremely prejudicial. The government opposes the motion, arguing that Count Five was properly joined with the remaining four counts and that the defendant will not be

1

unfairly prejudiced by the joinder of the firearms counts.

The Superseding Indictment charges the defendant as follows: Count One charges the defendant with possession with intent to distribute fifty or more grams of cocaine base; Count Two charges the defendant with possession with intent to distribute cocaine hydrochloride; Count Three charges the defendant with possession of two firearms, a .40 caliber Glock semi-automatic pistol and a .38 caliber Smith and Wesson revolver, by a convicted felon; Count Four charges the defendant with possession of firearms, those alleged in Count Three, in furtherance of a drug trafficking crime; and Count Five charges the defendant with an additional count of possession of a firearm by a convicted felon, alleging possession of a loaded Norinco MAK-90 Sporter rifle and ammunition. All five counts allege that the crimes at issue occurred on or about July 10, 2007.

The Federal Rules of Criminal Procedure provide, in pertinent part, that

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). The Sixth Circuit has held that Rule 8(a) should be construed in favor of joinder, although the failure to meet the requirements of the rule constitutes misjoinder as a matter of law. United States v. Chavis, 296 F.3d 450, 456 (6th Cir. 2002).

With respect to the joinder of Count Five, the Sixth Circuit addressed that issue under similar factual circumstances in the case of United States v. Wilkins, 253 Fed. App'x 538 (6th Cir. 2007). The Wilkins court summarized the factual scenario before it as follows:

> Defendant-appellant Alan Wilkins was indicted in the Western District of Tennessee on drug and weapons charges. In an indictment filed on July 30, 2003, defendant was charged in Count 1 with being a felon in possession of a firearm in violation of 18 U.S.C.

2

> § 922(g), in Count 2 with possession of a firearm in furtherance of a drug trafficking crime violation of 18 U.S.C. § 924(c), and in Count 3 with possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). These offenses were alleged to have occurred on January 1, 2003. Defendant was also charged with two offenses allegedly committed on April 3, 2003. Specifically, defendant was charged in Count 4 with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and in Count 5 with being a felon in possession of six rounds of ammunition in violation of 18 U.S.C. § 922(g).
>
> On May 12, 2004, defendant filed a motion to sever Counts 1, 2 and 3 from Counts 4 and 5 for purposes of trial. The motion was referred to a magistrate judge for a ruling. In a decision filed on June 8, 2004, the magistrate judge denied the motion for severance. The magistrate judge concluded that all counts were properly joined in the same indictment under Fed. R. Crim. P. 8(a) and that severance of the counts was not warranted under Fed. R. Crim. P. 14(a).

Wilkins, 253 Fed. App'x at 539. Wilkins' objections to the magistrate's ruling were overruled, and Wilkins was later convicted on all counts. Id. at 539, 541.

On appeal, Wilkins argued that the first three counts were not properly joined to Counts Four and Five. Id. at 541. The Sixth Circuit disagreed, holding that:

> Defendant correctly argues that the offenses in Counts 1 through 3, allegedly committed on January 1, 2003, were not a part of the same act or transaction as the offenses in Counts 4 and 5 which were allegedly committed on April 3, 2003. There is also no language in the indictment which indicates that the offenses committed on January 1, 2003, were "connected with or constitute parts of a common scheme or plan." Rule 8(a). However, Counts 1, 4 and 5 are offenses "of the same or similar character[.]" Rule 8(a). Both Count 1 and Count 4 charged the defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and Count 5 charged the defendant with being a felon in possession of six rounds of ammunition in violation of 18 U.S.C. § 922(g). We therefore conclude that the joinder of Counts 4 and 5 with Count 1 in the same indictment was proper. Counts 2 and 3 were a part of the same act or transaction as Count 1, and thus those counts were also properly joined in the same indictment with Counts 1, 4 and 5.

3

Wilkins, 253 Fed. App'x at 541.

In the instant case, defendant Reagan also faces two different counts of being a felon in possession. Count Three of the Superseding Indictment stems from the seizure of the two guns from the defendant's vehicle after being approached by a police officer at a gas station convenience store. [Doc. 42] Count Five stems from the seizure of the rifle and ammunition from the defendant's residence later that same day. Given that the Wilkins court found two felon in possession charges "of the same or similar character" when separated by four months, the Court finds that the felon in possession charges in Counts Three and Five, which were separated by mere hours, are also "of the same or similar character." The Court further finds that Counts One, Two, and Four were all part of the same act or transaction as Count Three, and thus all five Counts are properly joined under Rule 8(a).

Having found that the charges in the Superseding Indictment were properly joined, the Court turns next to the question of undue prejudice under Rule 14. Rule 14 provides that "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The Wilkins court did not reach the issue of undue prejudice under Rule 14, finding that the defendant had waived that issue by failing to renew his motion for severance at the close of evidence. Id. at 542. Thus, the Court turns to other jurisprudence to resolve this issue.

The Sixth Circuit has held that "[u]nder Federal Rule of Criminal Procedure 14(a), a court may grant relief from prejudicial joinder by ordering separate trials of separate counts. But before the court will order separate trials, [the defendant] must show "compelling, specific, and actual

4

prejudice from a court's refusal . . . to sever." United States v. List, 200 Fed. Appx. 535, 541 (6th Cir. 2006) (quoting United States v. Saadey, 393 F.3d 669, 678 (6th Cir. 2005)). The Sixth Circuit has further held that "a jury is presumed capable of considering each count separately . . . and any prejudice [caused by joinder of multiple counts] may be cured by limiting instructions." United States v. Cope, 312 F.3d 757, 781 (6th Cir. 2002); see also United States v. Chavis, 296 F.3d 450, 462 (6th Cir. 2002) ("limiting instructions can . . . minimize the danger of prejudice resulting from improper joinder of offenses under Rule 8(a), particularly where 'it would not have been difficult for the jury to compartmentalize and distinguish the evidence concerning' the different offenses charged."); United States v. Frost, 125 F.3d 346, 391 (6th Cir. 1997) ("The District Court further minimized any prejudice by instructing the jury to consider only the evidence against each defendant on each charge . . . without regard to the other charges or defendants.").

In the instant case, the defendant's motion states that "The fifth count involved different evidence than that which will be introduced in the first four counts and, since he is also charged with being a felon in possession of a firearm in the third count, the joinder of those two counts would be extremely prejudicial to him." [Doc. 68] During the hearing, the parties rested on their briefs, so no further argument as to prejudice was offered. Based upon the defendant's brief, the Court finds that the defendant has not carried his burden of showing "compelling, specific, and actual prejudice," but instead only generally alleges prejudice without providing any specific details. The Court further finds that any prejudice the defendant might face from the joinder of the Count Five to the remaining counts can be remedied by an appropriate jury instruction.

Accordingly, for the reasons set forth above, the defendant's motion [Doc. 68] is hereby **DENIED**.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge